**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DWIGHT ELLIS BROOKS      *
             *
     Plaintiff      *
             *
V.              *
             *     NO: 4:14CV00023 SWW
MIKE BEEBE, Governor of the State of   *
Arkansas, and JAMES M. MOODY,    *
United States District Judge for the     *
Eastern District of Arkansas

     Defendants

## ORDER

Dwight Ellis Brooks, proceeding *pro se*, commenced this lawsuit in the Lonoke County

Circuit Court, naming defendants Mike Beebe, the Governor of Arkansas, and James M. Moody,

United States District Judge for the Eastern District of Arkansas.  Defendants removed the case

to this federal court and filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure (ECF Nos., 5, 6, 7, 8).   Brooks has filed a response in opposition to

dismissal  (ECF No. 11), and the matter is ready for decision.  After careful consideration, and

for reasons that follow, Defendants' motions are granted, and this case is dismissed with

prejudice.

## I.

A court must hold a plaintiff's *pro se* complaint "to less stringent standards than formal

pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam).

"Though  *pro se* complaints are to be construed liberally, they still must allege sufficient facts to

support the claims advanced." *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004)(citations

omitted).   A complaint cannot simply "[leave] open the possibility that a plaintiff might later

establish some 'set of undisclosed facts' to support recovery[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561, 127 S.Ct. 1955, 1968 (citations omitted), and facts must be plead with enough specificity "to raise a right to relief above the speculative level." *Id*. at 545, 127 S.Ct. at 1965 (citations omitted).

## II.

Brooks's original complaint reads as follows:  "Come Plaintiff . . . for due process and equal protections of the laws for white people only under color of state laws as my great grandfather was a white man as per Arkansas censor.  Overt acts in Lonoke County."   ECF No. 2.   Additionally, without  explanation or meaningful context, Brooks cites Lonoke County Circuit Court Case No. CV-2012-308.  This Court's records show that Brooks commenced the cited case in state court, naming the United States Department of Agriculture ("USDA") as defendant.  The USDA removed to this Court, and the case was dismissed  eventually dismissed. *See Brooks v. United States Department of Agriculture*, No. 4:12CV00409 BSM (E.D. Ark), ECF Nos. 24, 25.   Court records also show that before the case was dismissed, Brooks inexplicably filed an amended complaint in the Lonoke County Circuit Court, Case No. CV-2012-308.  The case was again removed to this Court and reassigned the case number 4:13CV00341 JMM.  By order and judgment entered August 1, 2013, Judge Moody dismissed the case pursuant to the doctrine of *res judicata*.  *See Brooks v. United States Department of Agriculture*, No. 4:13CV00431 JMM (E.D. Ark), ECF Nos. 11, 12.

Brooks's amended complaint filed in this case alleges that he "had no due process hearing in the Lonoke County Circuit Court." ECF No. 1-2, at 7.  Brooks peppers his amended pleading with legal terminology and phrases such as "obstruction of justice" and "abuse of

public office," but he fails to set forth a single factual allegation describing what either defendant did or failed to do in violation of his constitutional rights. Accordingly, Brooks fails to state a cognizable claim for relief. *See Christiansen v. West Branch Community School Dist.* 674 F.3d 927, 934 (8th Cir. 2012)(noting that "a gallimaufry of labels, conclusions, formulaic recitations, naked assertions" fail to state a claim upon which relief can be granted).

In addition, Judge Moody and Governor Beebe, both sued in their official capacities only[1] for monetary damages only, are immune from suit. It is well settled that judges have absolute immunity from damages in a civil action when they act in their judicial capacity, unless their actions are taken in the complete absence of all jurisdiction, *see Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978*); Martin v. Hendren*, 127 F.3d 720, 721 (8th Cir. 1997), which is not alleged here. And sovereign immunity, also known as Eleventh Amendment immunity, bars a suit for money damages against a state official unless Congress has abrogated the state's immunity or the state consents to suit or waives its immunity. *See Edleman v. Jordan,* 415 U.S. 651, 663 (1974); *Murphy v. Arkansas*, 127 F.3d 750, 754 (1997). Here, the State has not consented to suit or waived its immunity, and Congress did not abrogate the States' sovereign immunity when it enacted 42 U.S.C. § 1983. *See Burk v. Beene*, 948 F.2d 489, 492-93 (8th Cir. 1991).

## III.

---

[1]The complaint does not specify the capacity in which the defendants are sued--thus it is presumed that they are sued in their official capacities only. *See Johnson v. Outboard Marine Corp* ., 172 F.3d 531, 535 (8th Cir.1999)( "This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.").

For the reasons stated, Defendants' motions to dismiss (ECF Nos. 5, 7) are hereby

GRANTED.   Pursuant to the judgment entered together with this order, this action is

DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 6TH DAY OF FEBRUARY, 2014.


/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE